UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEREMY PUTNAM BAKKE,<br><br>  Plaintiff,<br><br>  v.<br><br>CLARK COUNTY JAIL et al.,<br><br>  Defendants. | CASE NO. 3:15-CV-05713-BHS-DWC<br><br>ORDER TO SHOW CAUSE OR AMEND |

Plaintiff Jeremy Putnam Bakke, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave to file an amended pleading by November 15, 2015, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is currently incarcerated at Stafford Creek Corrections Center alleges while he was a pre-trial detainee at Clark County Jail, there was black mold in the showers and sleeping areas of the Clark County Jail. Dkt. 5 at 3. Plaintiff alleges the jail administrators knew about the black mold and did not attempt to fix the problem. *Id.* at 5.

ORDER TO SHOW CAUSE OR AMEND - 1

Plaintiff also alleges the Clark County Jail is overcrowded and 8-10 inmates in the dorms were required to sleep on the floor. *Id.* at 5. Plaintiff also alleges each cell houses three inmates when they are designed to hold only one inmate. *Id.* at 3. Plaintiff alleges the dorms have over 30 inmates when the dorm is designed to hold 10 inmates. *Id.* Plaintiff alleges the dorms have 1 shower, 1 sink, and one toilet and this is "unsanitary and promotes the spread of disease." *Id.* Plaintiff also alleges "[p]eople have to sleep on the floor with a mat and sheet the floor is [very dirty] and [very very] unsanitary to sleep on." Dkt. 5 at 5. Plaintiff alleges Defendant Bishop, the Chief Jail Deputy, knew about the overcrowding issue. *Id.* at 5.

Plaintiff seeks monetary damages. Dkt. 5 at 4.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Where, as here, exhibits are attached to a complaint, the exhibits are deemed part of the complaint for all purposes, including for purposes of determining the sufficiency of the plaintiff's claims. *See* Fed.R.Civ.P. 10(c); 5A Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1327, at 443-44 (2002). Moreover, if an exhibit attached to a complaint contradicts an assertion in the complaint and reveals information that prohibits recovery as a matter of law, the information provided in the exhibit trumps the allegation in the complaint. *Wilson v. Fitter*, 2009 WL 6908049, at *2 (C.D. Cal. Nov. 5, 2009) *report and recommendation adopted,* 2010 WL 3893992 (C.D. Cal. Sept. 30, 2010) (citing *Riggins v. Walter,* 279 F.3d 422, 425-26 (7th Cir. 1995) (affirming dismissal of prisoner's § 1983 claims where information in attached exhibit contradicted allegation of complaint); *Hudson v. Phillipson,* 2008 WL 356884, *3 (W.D.Mich. Feb.7, 2008) (dismissing prisoner's § 1983 claims where information in attached exhibits conflicted with allegations of complaint)).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

**A.      Conditions of Confinement**

Plaintiff alleges, while housed at Clark County Jail, he has been subjected to conditions of confinement which violate his constitutional rights. *See* Dkt. 5 at 3. Specifically, Plaintiff maintains the jail was overcrowded and there was black mold in the showers and sleeping areas. *Id.*

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees by prohibiting the State from punishing them. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).

The Ninth Circuit protects a pretrial detainee's claims using the same analysis it would use with a prisoner's claim brought pursuant to the Eighth Amendment.

> We have long analyzed claims that correction facility officials violated pretrial detainees' constitutional rights by failing to address their medical needs (including suicide prevention) under a "deliberate indifference" standard. *See, e.g., Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003) (applying the "deliberate indifference" standard to a diabetic pretrial detainee's claims of failure to provide care for serious medical needs).

*Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010)(emphasis added).

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

To state a claim for unconstitutional conditions of confinement, a plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the minimal civilized measure of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk to inmate health or safety. *Allen v. Sakai,* 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer,* 511 U.S. at 834); *see Estate of Ford v. Ramirez—Palmer,* 301 F.3d 1043, 1049–50 (9th Cir .2002). "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), *cert. denied,* 532 U.S. 1065 (2001).  Usually, a more offensive condition will be of constitutional significance when it exists for even a short time, while a less offensive condition will be of constitutional significance only when it has existed for a much longer time.  Long-term unsanitary conditions violate the Eighth Amendment. *See, e.g.*, *Hearns v. Terhune*, 413 F.3d 1036, 1041–42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not

work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions).

### 1. *Objective Element*

Plaintiff's contentions do not establish a Fourteenth Amendment violation. Plaintiff does not allege serious harm or a deprivation of "the minimal civilized measure of life's necessities." *See Allen,* 48 F.3d at 1087.

  a. Mold

Plaintiff fails to allege facts demonstrating he suffered an objective deprivation. The Ninth Circuit has previously determined that "[u]nquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern,* 45 F.3d 1310, 1314 *opinion amended on denial of reh'g,* 75 F.3d 448 (9th Cir.1995) (holding an inmate must demonstrate that the sanitary limitations imposed on him or her were more than temporary). According to Plaintiff, there was black mold in the showers and sleeping areas. Dkt. 5 at 3, 5. However, Plaintiff fails to allege how, if at all, the presence of black mold and unsanitary conditions have caused him harm or how the deprivation was so severe as to constitute a deprivation of minimal life necessities.

  b. Overcrowding

Plaintiff has also failed to allege he suffered an objective deprivation with respect to his overcrowding claim. Allegations of overcrowding, alone, are insufficient to state a claim under the Eighth Amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989); *Akao v. Shimoda,* 832 F.2d 119, 120 (9th Cir. 1987) (per curiam) (citing *Hoptowit v. Ray,* 682 F.2d 132 1237, 1249 (9th Cir. 1982)). Where

crowding causes an increase in violence or reduces the provision of other constitutionally required services, or reaches a level where the institution is no longer fit for human habitation, however, the prisoner may be able to state a claim. *See Balla*, 869 F.2d at 471; *Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984) (affirming that an Eighth Amendment violation may occur as a result of overcrowded prison conditions causing increased violence, tension and psychiatric problems); *Akao v. Shimoda,* 832 F.2d 119, 120 (9th Cir. 1987) (reversing district court's dismissal of claim that overcrowding caused increased stress, tension and communicable disease among inmate population).

Plaintiff generally alleges the jail is overcrowded and that about 8-10 inmates have to sleep on the floor "most of the time." Dkt. 5 at 5. Plaintiff fails to allege any specific facts showing how the overcrowding reached a level unfit for human habitation or how it resulted in an unconstitutional condition. Pro se litigants have no authority to represent anyone other than themselves. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). Plaintiff therefore cannot base his overcrowding claim on the overall effect the conditions of confinement in the Clark County Jail have on other prisoners who have been confined at Clark County Jail. Rather, plaintiff's factual allegations, if true, must be sufficient to show that the conditions of confinement to which he allegedly is being subjected while confined at Clark County Jail constitute cruel and unusual punishment as to him because they deprive him of particular basic human needs. Plaintiff is not claiming that he is being denied food, clothing, shelter, sanitation, medical care, or personal safety. Instead, plaintiff generally alleges there are three inmates per cell, 30 inmates per dorm and 8-10 people have to sleep on the floor which is unsanitary. Dkt. 5 at 5.

**2. *Subjective Element***

Plaintiff does not allege Defendants were deliberately indifferent to the sanitation conditions in the showers and sleeping areas or the overcrowding. Plaintiff alleges Defendants failed to take any action to fix the mold problem. Dkt. 5 at 5. However, documents attached to his Complaint show Defendants repeatedly responded to Plaintiff's complaints of mold and overcrowding and investigated both issues. *Id.* at 6-7, 9 (Defendants Huff and Addie responded to these grievances that a work order related to the mold had been submitted and the jail administration was in the process of changing the classification system to "reduce the population in the tanks."); *Id.* at 7 ("CMDR Belt" responded deputies had inspected the showers and sleeping areas and there was no visible black mold. Another jail official (signature is not legible) responded that another inspection was scheduled and if any mold was present, a work order would be submitted); *Id.* at 20 (The handwriting is not clear but it appears Defendant Beltran responded stating maintenance determined it was mildew, not mold, which could be cleaned.)

Thus, documents attached by Plaintiff show Defendants did not ignore Plaintiff's grievances but instead, responded to his grievances and investigated the mold and overcrowding issues on several occasions. *Wilson*, 2009 WL 6908049, at *2 (if an exhibit attached to a complaint contradicts an assertion in the complaint and reveals information that prohibits recovery as a matter of law, the information provided in the exhibit trumps the allegation in the complaint); *Riggins,* 279 F.3d at 425-26 (affirming dismissal of prisoner's § 1983 claims where information in attached exhibit contradicted allegation of complaint). Plaintiff has failed to allege facts showing defendants acted with deliberate indifference and subjected Plaintiff to conditions which rise to the level of cruel and unusual punishment.

Accordingly, Plaintiff fails to state a claim under the Fourteenth Amendment. Plaintiff is granted leave to amend or show cause why this claim should not be dismissed.

### B. Clark County Jail as Defendant

Plaintiff has named the Clark County Jail as a defendant. *See* Dkt. 5. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. The language of § 1983 is expansive and does not expressly incorporate common law immunities. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 637, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Municipalities are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, "[i]n order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred. *See Nolan v. Snohomish County*, 59 Wash.App. 876, 883, 802 P.2d 792, 796 (1990)." *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D.Wash.2008) (holding that the Seattle Police Department is not a legal entity capable of being sued under § 1983).

### C. Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve the Plaintiff's Complaint. If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional

1 rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See*
2 *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

3 Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement.  An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file a amended complaint or fails to adequately address the issues raised herein on or before November 15, 2015, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

1     Dated this 15th day of October, 2015.

                                              */s/ David W. Christel*

                                              David W. Christel
                                              United States Magistrate Judge