UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMY PUTNAM BAKKE,

　　　　　　　Plaintiff,

　　v.

CLARK COUNTY JAIL et al.,

　　　　　　　Defendants.

CASE NO. 3:15-CV-05713-BHS-DWC

SECOND ORDER TO SHOW CAUSE
OR AMEND

Plaintiff Jeremy Putnam Bakke, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. After reviewing the Original Complaint, the Court declined to service the Original Complaint, but gave Plaintiff an opportunity to amend his pleading. Dkt. 7.

Plaintiff filed his First Amended Civil Rights Complaint on November 12, 2015. Dkt. 8. Having reviewed and screened Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's First Amended Complaint but provides Plaintiff leave to file an amended pleading by December 23, 2015, to cure the deficiencies identified herein.

1          **BACKGROUND**

2          Plaintiff, who is currently incarcerated at Stafford Creek Corrections Center, alleges

3    while he was housed at Clark County Jail, he was subjected to severe and prolonged exposure to

4    black mold for 302 days. Dkt. 8 at 3. Plaintiff alleges that the mold caused respiratory problems

5    and fear of infection. *Id.*

6          Plaintiff also alleges that the Clark County Jail is overcrowded and holds over twice its

7    maximum capacity. *Id.* Plaintiff alleges that the overcrowding "reduced the safety provisions of

8    responding officers in emergency or medical care; proper usage of facility restrooms that [were]

9    not upheld to sanitary conditions of living quarters." *Id.* Further, Plaintiff alleges that the

10   overcrowding resulted in an increase in violence and Plaintiff was assaulted by another detainee

11   in his bunk area due to the lack of space and bunks. *Id.*

12         Lastly, Plaintiff alleges there were no emergency buttons in the Clark County Jail and

13   Plaintiff had no way to call for help. *Id.* Plaintiff alleges that he was prevented from receiving

14   emergency assistance for hours. *Id.* Plaintiff contends defendant Bishop, the Chief Jail Deputy is

15   aware of the lack of emergency buttons. *Id.*

16         Plaintiff seeks monetary damages and for the Court to have the Clark County Jail fix the

17   overcrowding problem. Dkt. 8 at 4.

18         **DISCUSSION**

19         Under the Prison Litigation Reform Act of 1995, the Court is required to screen

20   complaints brought by prisoners seeking relief against a governmental entity or officer or

21   employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

22   complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

23   state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

24

1  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

2  152 F.3d 1193 (9th Cir. 1998).

3  In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

4  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

5  the violation was proximately caused by a person acting under color of state law. *See Crumpton*

6  *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

7  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

8  (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

9  named defendants caused, or personally participated in causing, the harm alleged in the

10  complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

11  Where, as here, exhibits are attached to a complaint, the exhibits are deemed part of the

12  complaint for all purposes, including for purposes of determining the sufficiency of the plaintiff's

13  claims. *See* Fed.R.Civ.P. 10(c); 5A Wright & Miller, *Federal Practice and Procedure: Civil 3d* §

14  1327, at 443-44 (2002). Moreover, if an exhibit attached to a complaint contradicts an assertion

15  in the complaint and reveals information that prohibits recovery as a matter of law, the

16  information provided in the exhibit trumps the allegation in the complaint. *Wilson v. Fitter*, 2009

17  WL 6908049, at *2 (C.D. Cal. Nov. 5, 2009) *report and recommendation adopted*, 2010 WL

18  3893992 (C.D. Cal. Sept. 30, 2010) (citing *Riggins v. Walter*, 279 F.3d 422, 425-26 (7th Cir.

19  1995) (affirming dismissal of prisoner's § 1983 claims where information in attached exhibit

20  contradicted allegation of complaint); *Hudson v. Phillipson*, 2008 WL 356884, *3 (W.D.Mich.

21  Feb.7, 2008) (dismissing prisoner's § 1983 claims where information in attached exhibits

22  conflicted with allegations of complaint)).

23

24

1    Plaintiff's First Amended Complaint suffers from deficiencies requiring dismissal if not

2  corrected in a second amended complaint.

3    **A.      Conditions of Confinement**

4    Plaintiff alleges, while housed at Clark County Jail, he has been subjected to conditions

5  of confinement which violate his constitutional rights. *See* Dkt. 8 at 3. Specifically, Plaintiff

6  maintains the jail was overcrowded, there was black mold, and the jail lacked emergency

7  buttons. *Id.*

8    The Due Process Clause of the Fourteenth Amendment protects pretrial detainees by

9  prohibiting the State from punishing them.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).

10  The Ninth Circuit protects a pretrial detainee's claims using the same analysis it would use with

11  a prisoner's claim brought pursuant to the Eighth Amendment.

12    We have long analyzed claims that correction facility officials violated pretrial
      detainees' constitutional rights by failing to address their medical needs
13    (including suicide prevention) under a "deliberate indifference" standard. *See,
      e.g., Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003) (applying
14    the "deliberate indifference" standard to a diabetic pretrial detainee's claims of
      failure to provide care for serious medical needs).

15  *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010).

16

17    The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on

18  prison officials to provide prisoners with the basic necessities of life such as food, clothing,

19  shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832

20  (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

21    To state a claim for unconstitutional conditions of confinement, a plaintiff must allege

22  that a defendant's acts or omissions have deprived the inmate of "the minimal civilized measure

23  of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk

24  to inmate health or safety. *Allen v. Sakai,* 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer,*

SECOND ORDER TO SHOW CAUSE OR AMEND
- 4

1  511 U.S. at 834); *see Estate of Ford v. Ramirez—Palmer,* 301 F.3d 1043, 1049–50 (9th Cir

2  .2002). "The circumstances, nature, and duration of a deprivation of [ ] necessities must be

3  considered in determining whether a constitutional violation has occurred."  *Johnson v. Lewis,*

4  217 F.3d 726, 731 (9th Cir. 2000), *cert. denied,* 532 U.S. 1065 (2001).

5      To violate the Cruel and Unusual Punishments Clause, a prison official must have a

6  sufficiently culpable state of mind." *Id.* at 834 (internal quotations omitted). "In prison-

7  conditions cases th[e] state of mind is one of 'deliberate indifference' to inmate health or

8  safety[.]" *Id.* (*citing Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). A prison official does not act

9  with deliberate indifference "unless the official knows of and disregards an excessive risk to

10  inmate health or safety." *Farmer,* 511 U.S. at 837.

11      ***1. Mold***

12      Plaintiff alleges mold is causing physical ailments in inhumane conditions of

13  confinement. Dkt. 8 at 3. Plaintiff, however, fails to allege Defendants acted with deliberate

14  indifference to the sanitation conditions. In fact, documents attached to Plaintiff's First Amended

15  Complaint show prison officials repeatedly responded to Plaintiff's complaints of mold

16  investigated the issue. *Id.* at 13, 14 (Non-Party Sergeant Addie responded to Plaintiff's grievance

17  complaining of mold and overcrowding, stating that a work order related to the mold had been

18  submitted and the jail administration was in the process of changing the classification system to

19  "reduce the population in the tanks."); *Id.* at 13-14 ("CMDR Belt" (it is not clear if "CMDR

20  Belt" is the same individual as named defendant Beltran) responded deputies had inspected the

21  showers and sleeping areas and there was no visible black mold. Another jail administrator

22  (signature is not legible) responded that another inspection was scheduled and if any mold was

23  present, a work order would be submitted); *Id.* at 15, 16,  (The handwriting is not clear but it

24

SECOND ORDER TO SHOW CAUSE OR AMEND
- 5

1    appears the grievance supervisor responded stating maintenance determined it was mildew, not

2    mold, which could be cleaned).

3         Plaintiff fails to allege facts demonstrating how any of the named Defendants knew of

4    and disregarded an excessive risk to Plaintiff's health or safety. *See Farmer,* 511 U.S. at 837.

5    Further, the documents attached by Plaintiff show non-party prison officials did not ignore

6    Plaintiff's grievances but instead, responded to his grievances and investigated the mold on

7    several occasions. *Wilson*, 2009 WL 6908049, at *2 (if an exhibit attached to a complaint

8    contradicts an assertion in the complaint and reveals information that prohibits recovery as a

9    matter of law, the information provided in the exhibit trumps the allegation in the complaint);

10   *Riggins,* 279 F.3d at 425-26 (affirming dismissal of prisoner's § 1983 claims where information

11   in attached exhibit contradicted allegation of complaint).

12        Thus, Plaintiff's First Amended Complaint does not show Defendants had subjective

13   knowledge of an inhumane condition of confinement which Plaintiff alleged occurred or that

14   Defendants disregarded such a risk. Plaintiff has therefore failed to state a Fourteenth

15   Amendment claim with regard to the allegations of mold. To proceed with this action, Plaintiff

16   must allege facts showing how Defendants acted with deliberate indifference to Plaintiff's health

17   or safety.

18        **2.  *Overcrowding***

19        Plaintiff also alleges the overcrowding caused him to be assaulted by another inmate,

20   reduced safety provisions, and caused the restrooms to be unsanitary. Dkt. 8 at 3.

21        Plaintiff alleges the overcrowding caused unsanitary restrooms. *Id.* Where overcrowding

22   causes an increase in violence or reduces the provision of other constitutionally required

23   services, or reaches a level where the institution is no longer fit for human habitation, however,

24

1  the prisoner may be able to state a claim. *See Balla v. Idaho*, 869 F.2d 461, 471 (9th Cir. 1989);

2  *Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984). However, Plaintiff has failed to allege

3  any facts showing how the "unsanitary" restrooms have reached a level that is no longer fit for

4  human habitation and only makes general allegations regarding the condition of the restrooms.

5  Furthermore, Plaintiff has failed to allege any of the Defendants knew of the unsanitary

6  bathrooms and acted with deliberate indifference.

7        Plaintiff also alleges that overcrowding caused Plaintiff to be assaulted by another

8  inmate. Dkt. 8 at 3. The failure of prison officials to protect inmates from attacks by other

9  inmates or from dangerous conditions at the prison violates the Eighth Amendment only when

10 two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2)

11 the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer,* 511 U.S. at

12 834; *Hearns v. Terhune,* 413 F.3d 1036, 1040–41 (9th Cir. 2005). Here, however, Plaintiff does

13 not allege any facts showing how the Defendants acted with deliberate indifference. Plaintiff

14 does not allege Defendants knew of and disregarded an excessive risk of serious harm to

15 Plaintiff. Plaintiff alleges he was the victim of an attack by another inmate (Dkt. 8 at 3) but

16 Plaintiff does not allege that Defendants prompted, encouraged, failed to respond, or were even

17 aware that the other inmate intended to attack Plaintiff. Plaintiff only alleges that he was

18 attacked.  *Id*.  These facts as alleged do not show Defendants disregarded Plaintiff's safety.

19        **3.  *Lack of Emergency Buttons***

20             **a.  *Objective Element***

21        Plaintiff alleges that the Clark County Jail cells lack an emergency button and that he was

22 "prevented from receiving emergency assistance for hours." Dkt. 8 at 3. However, Plaintiff's

23 contentions regarding the lack of emergency buttons at the Clark County Jail do not allege he

24

SECOND ORDER TO SHOW CAUSE OR AMEND
- 7

1    suffered an objective deprivation.  Plaintiff does not allege serious harm or a deprivation of "the

2    minimal civilized measure of life's necessities" because of the lack of emergency buttons. *See*

3    *Allen,* 48 F.3d at 1087. For example, Plaintiff does not allege he was deprived of any food,

4    safety, or medical care while he waited for emergency assistance, only that he was delayed

5    assistance, but what assistance Plaintiff required is not clear. Thus, Plaintiff has failed to

6    sufficiently allege that the lack of emergency buttons caused Plaintiff serious harm.

7          **2.   *Subjective Element***

8          Plaintiff also fails to allege any facts in his First Amended Complaint showing

9    Defendants acted with deliberate indifference as to the risk to Plaintiff's safety allegedly caused

10   by the lack of emergency call buttons. *See* Dkt. 8 at 3. Although Plaintiff alleges Defendant

11   Bishop knew of the lack of emergency buttons, Plaintiff's First Amended Complaint lacks any

12   allegations as to how Defendant Bishop disregarded the risk. Further, the documents attached to

13   Plaintiff's First Amended Complaint show Defendant Bishop responded to Plaintiff's grievance

14   and agreed that the cells should have emergency buttons. *Id.* at 21. Plaintiff was advised that his

15   grievance would be added to the supporting documentation used by Clark County Jail for

16   planning/funding purposes. *Id.* Defendant Bishop stated that until the funds were authorized, the

17   current system of sound monitors, using the man down call, banging on the doors, and security

18   posts/rounds would continue. *Id.*

19         In order to state a Fourteenth Amendment violation, Plaintiff must allege facts showing

20   how Defendants disregarded the risk created by the lack of emergency buttons and acted with

21   deliberate indifference to Plaintiff's health or safety.

22

23

24

1

**B.      Clark County Jail as Defendant**

2      Plaintiff has named the Clark County Jail as a defendant. *See* Dkt. 8. 42 U.S.C. § 1983

3   applies to the actions of "persons" acting under color of state law.  The language of § 1983 is

4   expansive and does not expressly incorporate common law immunities.  *Owen v. City of*

5   *Independence, Mo.*, 445 U.S. 622, 637, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).  Municipalities

6   are subject to suit under § 1983.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658,

7   690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  However, "[i]n order to bring an appropriate action

8   challenging the actions, policies or customs of a local governmental unit, a plaintiff must name

9   the county or city itself as a party to the action, and not the particular municipal department or

10   facility where the alleged violation occurred.  *See Nolan v. Snohomish County*, 59 Wash.App.

11   876, 883, 802 P.2d 792, 796 (1990)."  *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207

12   (W.D.Wash.2008) (holding that the Seattle Police Department is not a legal entity capable of

13   being sued under § 1983).

14

**C.      Personal Participation of Defendants Bishop and Beltran**

15      "Liability under [§] 1983 arises only upon a showing of personal participation by the

16   defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the

17   supervisor participated in or directed the violations, or knew of the violations and failed to act to

18   prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d

19   1040, 1045 (9th Cir. 1989) (citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

20   (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must

21   plead that each Government-official defendant, through the official's own individual actions, has

22   violated the Constitution."); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler*

23   *II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1182 (9th Cir. 2007) (concluding that

24

1    allegations that school officials knew of alleged violation and failed to take corrective action

2    were sufficient to state a claim); *Ortez v. Washington County, Or.*, 88 F.3d 804, 809 (9th Cir.

3    1996) (concluding proper to dismiss where no allegations of knowledge of or participation in

4    alleged violation); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (concluding that

5    failure to intervene to stop alleged violation could be sufficient to establish liability); *Starr v.*

6    *Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (holding that "a plaintiff may state a claim against a

7    supervisor for deliberate indifference based upon the supervisor's knowledge of and

8    acquiescence in unconstitutional conduct by his or her subordinates").

9         Here, plaintiff has failed to allege sufficient facts to support a claim against Defendants

10   Beltran and Bishop. Plaintiff names Defendant Beltran, but his First Amended Complaint

11   contains no factual allegations against her. Dkt. 8 at 3.  With respect to Defendant Bishop,

12   plaintiff states that Defendant Bishop knew that the Clark County Jail cells lacked emergency

13   call buttons. *Id.*

14        However, even construing Plaintiff's complaint liberally, he has not stated any facts that

15   the named Defendants knew of plaintiff's risk or that they acquiesced in any unconstitutional

16   conduct. Plaintiff has not alleged Defendants Beltran or Bishop participated in, or any way

17   caused the alleged constitutional violation. Although Plaintiff alleges Defendant Bishop knew of

18   the lack of emergency buttons, Plaintiff has failed to allege any facts showing how Defendant

19   Bishop disregarded a risk created by the lack of emergency buttons and acted with deliberate

20   indifference to Plaintiff's health or safety. In fact, the documents attached to Plaintiff's First

21   Amended Complaint show Defendant Bishop responded to Plaintiff's grievance, agreed that the

22   cells should have emergency buttons and told Plaintiff that the current safety procedures would

23   remain in place until the emergency buttons were approved. Dkt. 8 at 21.

24

SECOND ORDER TO SHOW CAUSE OR AMEND
- 10

1    Thus, the Court finds that plaintiff has failed to allege personal participation by

2  Defendants Beltran and Bishop. Plaintiff should file a second amended complaint to allege facts,

3  if he can, showing personal participation of Defendants Bishop and Beltran.

4    **D.    Instruction to Plaintiff and the Clerk**

5    Due to the deficiencies described above, the Court will not serve the Plaintiff's First

6  Amended Complaint. If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he

7  must file an amended complaint and within the amended complaint, he must write a short, plain

8  statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the

9  name of the person who violated the right; (3) exactly what the individual did or failed to do; (4)

10  how the action or inaction of the individual is connected to the violation of Plaintiff's

11  constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's

12  conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

13    Plaintiff shall present the second amended complaint on the form provided by the Court.

14  The second amended complaint must be legibly rewritten or retyped in its entirety, it should be

15  an original and not a copy, it should contain the same case number, and it may not incorporate

16  any part of the original complaint by reference. The second amended complaint will act as a

17  complete substitute for the original Complaint and the First Amended Complaint, and not as a

18  supplement.  An amended complaint supersedes the original complaint.  *Forsyth v. Humana,*

19  *Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa*

20  *County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the second amended complaint must be

21  complete in itself and all facts and causes of action alleged in the original Complaint and First

22  Amended Complaint that are not alleged in the second amended complaint are waived.  *Forsyth,*

23  114 F.3d at 1474. The Court will screen the second amended complaint to determine whether it

24

1   contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights.

2   The Court will not authorize service of the second amended complaint on any Defendant who is

3   not specifically linked to a violation of Plaintiff's rights.

4          If Plaintiff fails to file a second amended complaint or fails to adequately address the

5   issues raised herein on or before December 23, 2015, the undersigned will recommend dismissal

6   of this action as frivolous pursuant to 28 U.S.C. § 1915.

7          The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

8   civil rights complaint and for service. The Clerk is further directed to send copies of this Order

9   and Pro Se Instruction Sheet to Plaintiff.

10          Dated this 23rd day of November, 2015.

11

12                                          _____

13                                          David W. Christel
                                            United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

SECOND ORDER TO SHOW CAUSE OR AMEND
- 12